ORIGINAL FILED
07 DEC 13 AM 10: 36
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'07 CV 2330 L POR

1  KAREN P. HEWITT
   United States Attorney
2  BRUCE C. SMITH
   Assistant U.S. Attorney
3  California State Bar No. 078225
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6963

6  Attorneys for Plaintiff
   United States of America

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          )  07CV2330 L POR
                                      )
11              Plaintiff,            )  COMPLAINT FOR
                                      )  FORFEITURE
12         v.                         )
                                      )
13 ONE 1997 MERCEDES BENZ S420 SEDAN, )
   CA LICENSE NO. 3SVV963,            )
14 VIN WDBGA43G5VA330132,              )
   ITS TOOLS AND APPURTENANCES,       )
15                                    )
                Defendant.            )
16 _____)

17        By way of complaint against the defendant, ONE 1997 MERCEDES

18 BENZ SEDAN, CALIFORNIA LICENSE NO. 3SVV963, VIN WDBGA43G5VA330132,

19 ITS TOOLS AND APPURTENANCES, the United States of America alleges:

20        1.    This Court has jurisdiction over this action by virtue

21 of the provisions of Title 28, United States Code, Section 1355.

22        2.    Venue is proper in this district pursuant to Title 28,

23 United States Code, Section 1395 because the acts or omissions

24 giving rise to the forfeiture occurred in this district.

25 ///

26 ///

27 ///

28 2007v00592:BCS:ah

3. On June 25, 2007, Martha Maria Lopez-Macias (hereinafter referred to as "Lopez-Macias") arrived at the permanent United States Border Patrol (hereinafter referred to as "USBP") Highway 78 checkpoint in the Southern District of California as the driver and sole occupant of a white 1999 GMC panel van. Lopez-Macias was greeted by USBP Agent Montes, wearing his USBP uniform. Lopez-Macias declared she was as a United States citizen and presented a State of Arizona identification card.

   A. Agent Montes noted Lopez-Macias was dressed in a miniskirt and short blouse. He also detected the strong scent of perfume coming from inside the vehicle. Lopez-Macias related she was transporting boxes of clothing from El Centro, California to Yucca Valley, California. Agent Montes thought Lopez-Macias' attire was inappropriate for such a mission.

   B. Agent Montes walked to the rear of the van and looked through the windows into the cargo area. He noted several cardboard boxes. All were taped excessively. Agent Montes returned to Lopez-Macias and inquired about the contents of the sealed boxes. She insisted they contained clothing. Agent Montes asked if Lopez-Macias was the registered owner of the GMC panel van. She explained it belonged to a friend.

   C. Agent Montes asked permission to look inside the sealed boxes. Lopez-Macias granted consent. The agent directed Lopez-Macias to proceed off the roadbed, and over to the nearby secondary inspection area.

   D. Moments after the white GMC panel van was directed to the secondary inspection area, the defendant 1997 Mercedes Benz S420 sedan (hereinafter referred to as "Mercedes sedan") arrived

at the checkpoint. It was traveling on Highway 78, following the GMC panel van. Miguel Vaca-Gallardo (hereinafter referred to as "Vaca-Gallardo") was the driver. He was accompanied by three adult passengers. USBP Agent Montes had just referred the GMC panel van to secondary, and was still engaged in the inspection of that vehicle. He quickly conducted an immigration inspection of the occupants, determined they were United States citizens, and directed them to continue on their journey.

E.   USBP Agent Lechuga walked up to the primary inspection position as Agent Montes conversed with the occupants of the defendant Mercedes sedan. Agent Lechuga noted passenger Beatriz Adriana Gonzalez-Mena (hereinafter referred to as "Gonzalez-Mena") pulled her skirt up as Agent Montes conducted his immigration inspection. Agent Lechuga overheard Vaca-Gallardo's responses to Agent Montes questions. He stuttered as he spoke with the agent. Agent Lechuga also observed Vaca-Gallardo's hands were shaking on the steering wheel. Agent Lechuga noticed quite a few cellular telephones inside the cabin of the vehicle; more than he expected three persons to be carrying. Finally, after the inspection was completed and as the Mercedes sedan passed by the secondary lane, Agent Lechuga noticed that the occupants all looked in the direction of the white GMC panel van. All seemed to be intensely interested in the van.

F.   In the secondary inspection area, Agent Montes examined one of the 12 sealed cardboard boxes. The box was filled with plastic-wrapped bundles of marijuana. He extracted a morsel of the green vegetable contents from one of the bundles and tested it using a standard USBP-issued presumptive drug test device. The

test results confirmed the substance was marijuana, a Schedule I Controlled Substance. An inventory of the contents of all 12 boxes yielded 91 bundles of marijuana, weighing approximately 421.24 kilograms (926.73 pounds). Agent Montes immediately notified Agent Lechuga when he discovered the bundles of marijuana in the first sealed cardboard box.

    G.    Based on his training, experience and observations relative to the occupants of the defendant Mercedes sedan, Agent Lechuga believed they were involved with the white GMC panel van and its contraband cargo. Agent Lechuga resolved to contact the defendant Mercedes sedan and its occupants. Although only five or six minutes had passed since the defendant Mercedes sedan passed through the checkpoint, it took Agent Lechuga approximately 25 minutes to overtake the vehicle. This fact indicated to Agent Lechuga that Vaca-Gallardo drove away from the checkpoint and down the highway at high speed. Agent Lechuga maneuvered his marked USBP patrol vehicle behind the defendant Mercedes sedan, activated the emergency lights, and signaled the driver to pull over and stop.

    H.    In response to Agent Lechuga's request, Vaca-Gallardo produced an expired California driver's license. Meanwhile, USBP radio dispatch advised Agent Lechuga that a release of liability for the GMC panel van on file with the California Department of Motor Vehicles (hereinafter referred to as "DMV") was in a name similar to that of Vaca-Gallardo. Moreover, DMV records indicate Vaca-Gallardo, under the name of Eusebio Vaca, is the registered owner of the defendant Mercedes sedan. USBP radio dispatch also informed Agent Lechuga that Vaca-

1  Gallardo had been removed from the United States as an
2  undocumented alien. The defendant Mercedes sedan and its four
3  occupants were returned to the USBP checkpoint. USBP agents at
4  the checkpoint caused special agents of the Drug Enforcement
5  Administration (hereinafter referred to as "DEA") to be summoned
6  to assume the investigation.
7         I.  Lopez-Macias was advised of her Fifth Amendment or
8  Miranda rights by DEA Agent Niebla. She waived them and agreed to
9  be interviewed by the agents. Lopez-Macias revealed she was hired
10 by Vaca-Gallardo and Gonzalez-Mena to transport marijuana in the
11 GMC panel van. If successful, she was to be paid $1,000.00 in
12 United States currency. Lopez-Macias was directed by Vaca-
13 Gallardo to follow the defendant Mercedes sedan as they departed
14 Calexico. Thereafter on their journey, Lopez-Macias received
15 driving instructions from Gonzalez-Menas via her cellular
16 telephone.
17        J.  Vaca-Gallardo was advised of his Fifth Amendment or
18 Miranda rights by DEA Agent Niebla. He waived them and agreed to
19 be interviewed by the agents. Vaca-Gallardo revealed he was hired
20 by a drug trafficker to assist in the storage and transportation
21 of the marijuana seized from inside the GMC panel van. Acting on
22 direction of the drug trafficker, Vaca-Gallardo stored the bundles
23 of marijuana inside a residence in Calexico, California. Vaca-
24 Gallardo purchased the GMC panel van driven by Lopez-Macias. A
25 copy of the registration for the GMC panel van was in his
26 possession at the time of his arrest. Vaca-Gallardo concealed the
27 bundles of marijuana inside the cardboard boxes. While traveling
28 down the highway, Vaca-Gallardo overheard Gonzalez-Menas giving

driving instructions to Lopez-Macias via her cellular telephone. If their mission was successful, Vaca-Gallardo was instructed by the drug trafficker to pay $1,500.00 in United States currency to Lopez-Macias and Gonzalez-Menas as compensation.

    K.  On July 25, 2007, a federal grand jury handed down a single-count indictment charging Lopez-Macias, Vaca-Gallardo, Gonzalez-Mena, and the other two occupants of the defendant Mercedes sedan with a violation of Title 21, United States Code, Section 841(a)(1), possession of marijuana with intent to distribute; and Title 18, United States Code, Section 2, aiding and abetting.

    4.  The defendant Mercedes sedan had been used, was being used, or was intended to be used to facilitate the violation of Chapter 13, Title 21, United States Code.

    5.  As a result of the foregoing, the defendant Mercedes sedan is liable to condemnation and to forfeiture to the United States for its use in accordance with Title 21, United States Code, Section 881(a)(4).

    6.  The defendant Mercedes sedan is presently stored within the jurisdiction of this Court.

    WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant Mercedes sedan, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared.

DATED: **DECEMBER 13,** 2007

KAREN P. HEWITT
United States Attorney

BRUCE C. SMITH
Assistant U.S. Attorney

**VERIFICATION**

I, David Niebla, state and declare as follows:

1. I am a Special Agent with the Drug Enforcement Administration and am chiefly responsible for this litigation.

2. I have read the foregoing complaint and know its contents.

3. The information in the complaint was furnished by official Government sources.

Based on this information, I believe the allegations in the complaint to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on <u>December 12</u>, 2007

<u>/s/ David Niebla</u>
DAVID NIEBLA, S/A
DRUG ENFORCEMENT ADMINISTRATION

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

ONE 1993 MERCEDES BENZ S420 SEDAN, CA. LICENSE NO. 3SVV963 VIN WDBGA43G5VA330132, ITS TOOLS AND APPURTENANCES

07 DEC 13 AM 10:27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** [Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

BRUCE C. SMITH, U.S. Attorney's Office
880 FRONT STREET, RM 6293
SAN DIEGO, CA 92101-8893
(619) 557-6963

**ATTORNEYS (IF KNOWN)**

'07 CV 2330 L POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

TITLE 21, UNITED STATES CODE, SECTION 881(a)(4)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | [x] 670 Other Food & Drug | ☐ 423 Withdrawal 28 USC | ☐ 410 Antitrust |
| ☐ Marine | ☐ 315 Airplane Product | | [x] 625 Drug Related of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Miller Act | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 150 Recovery of &Enforcement of Judgment | | ☐ 368 Asbestos Personal Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Exchange |
| | ☐ 355 Motor Vehicle Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge |
| ☐ Other Contract | ☐ 360 Other Personal | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product | | | ☐ 730 Labor/Mgmt. Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. or Defendant) | ☐ 893 Environmental |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Habeas Corpus | ☐ 790 Other Labor | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & | ☐ 443 | ☐ 530 General | | | ☐ 900 Appeal of Fee Under Equal Access to |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory |
| ☐ 290 All Other Real | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

[x] Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appelate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See     JUDGE                           Docket Number**

DATE                                    SIGNATURE OF ATTORNEY OF RECORD
                                        [signature]