KAREN P. HEWITT
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6963
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 07cv2330-L(POR) |
| | ) |
| Plaintiff, | ) MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES IN SUPPORT OF |
| v. | ) MOTION FOR JUDGMENT BY DEFAULT |
| | ) AS TO THE INTEREST OF EUSEBIO |
| ONE 1997 MERCEDES BENZ S420 SEDAN | ) ARMANDO VACA-GALLARDO AND |
| CA LICENSE NO. 3SVV963, | ) ALL POTENTIAL CLAIMANTS |
| VIN WDBGA43G5VA330132, | ) |
| ITS TOOLS AND APPURTENANCES, | ) DATE: March 31, 2008 |
| | ) TIME: 10:30 a.m. |
| Defendant. | ) CTRM: 14 |
| _____ | ) |

I

MEMORANDUM OF POINTS AND AUTHORITIES

A.    Introduction

This matter comes before the Court on Plaintiff's motion for default judgment. The verified

complaint commencing this action against the Defendant was filed December 13, 2007, alleging

forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) because Defendant had been

used, was being used, or was intended to be used to facilitate the violation of Title 21,

United States Code Section 841(a)(1).  The complaint incorporated the verification of Special

Agent David Niebla . The present motion for default judgment seeks the forfeiture of the interest

of Eusebio Armando Vaca-Gallardo and all potential claimants.

///

2007v0592:BSC:ah

B.     Statement of the Case

1.     On December 13, 2007, a Complaint for Forfeiture was filed in the above action in the United States District Court for the Southern District of California against the above defendant. On December 19, 2007, the defendant was seized and arrested by the United States Marshals Service, who thereafter took possession and custody of the defendant, pursuant to the Court's Order appointing the United States Marshals Service as custodian, dated December 17, 2007.

2.     On December 28, 2007, January, 4, 2008, and January 11, 2008, pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, notice was published in the San Diego Commerce.

3.     On December 19, 2007, a Notice of Complaint and a copy of the Complaint for Forfeiture were sent by certified mail as follows:

| Name and address | Article No. | Result |
|---|---|---|
| Eusebio Armando Vaca-Gallardo<br>c/o Shaun Khojayan, Esq.<br>121 Broadway, Suite 338<br>San Diego, CA | 70042510000330146325 | Signed for as Received<br>on 12/20/07 |

From the time of said notice, no claim or answer has been filed regarding the above-named defendant.

On February 12, 2008, a Declaration of and Request for Clerk's Entry of Default was filed in this case. A Clerk's Entry of Default was issued on February 13, 2008, and a copy is hereby attached as Exhibit 1.

C.     Statement of Facts

1.   On June 25, 2007, Martha Maria Lopez-Macias (hereinafter referred to as "Lopez-Macias") arrived at the permanent United States Border Patrol (hereinafter referred to as "USBP") Highway 78 checkpoint in the Southern District of California as the driver and sole occupant of a white 1999 GMC panel van. Lopez-Macias was greeted by USBP Agent Montes, wearing his USBP uniform. Lopez-Macias declared she was as a United States citizen and presented a State of Arizona identification card.

///

2

A.  Agent Montes noted Lopez-Macias was dressed in a miniskirt and short blouse. He also detected the strong scent of perfume coming from inside the vehicle.  Lopez-Macias related she was transporting boxes of clothing from El Centro, California to Yucca Valley, California.  Agent Montes thought Lopez-Macias' attire was inappropriate for such a mission.

B.  Agent Montes walked to the rear of the van and looked through the windows into the cargo area.  He noted several cardboard boxes. All were taped excessively.  Agent Montes returned to Lopez-Macias and inquired about the contents of the sealed boxes.  She insisted they contained clothing.  Agent Montes asked if Lopez-Macias was the registered owner of the GMC panel van.  She explained it belonged to a friend.

C.  Agent Montes asked permission to look inside the sealed boxes.  Lopez-Macias granted consent.  The agent directed Lopez-Macias to proceed off the roadbed, and over to the nearby secondary inspection area.

D.     Moments after the white GMC panel van was directed to the secondary inspection area, the defendant 1997 Mercedes Benz S420 sedan (hereinafter referred to as "Mercedes sedan") arrived at the checkpoint.  It was traveling on Highway 78, following the GMC panel van.  Miguel Vaca-Gallardo (hereinafter referred to as "Vaca-Gallardo") was the driver.  He was accompanied by three adult passengers.  USBP Agent Montes had just referred the GMC panel van to secondary, and was still engaged in the inspection of that vehicle.  He quickly conducted an immigration inspection of the occupants, determined they were United States citizens, and directed them to continue on their journey.

E.  USBP Agent Lechuga walked up to the primary inspection position as Agent Montes conversed with the occupants of the defendant Mercedes sedan.  Agent Lechuga noted passenger Beatriz Adriana Gonzalez-Mena (hereinafter referred to as "Gonzalez-Mena") pulled her skirt up as Agent Montes conducted his immigration inspection.  Agent Lechuga overheard Vaca-Gallardo's responses to Agent Montes questions.  He stuttered as he spoke with the agent.  Agent Lechuga also observed Vaca-Gallardo's hands were shaking on the steering wheel.  Agent Lechuga noticed quite a few cellular telephones inside the cabin of the vehicle; more than he expected three persons to be carrying.  Finally, after the inspection was completed and as the

3

1   Mercedes sedan passed by the secondary lane, Agent Lechuga noticed that the occupants all looked

2   in the direction of the white GMC panel van.  All seemed to be intensely interested in the van.

3          F.   In the secondary inspection area, Agent Montes examined one of the 12 sealed

4   cardboard boxes.  The box was filled with plastic-wrapped bundles of marijuana.  He extracted a

5   morsel of the green vegetable contents from one of the bundles and tested it using a standard

6   USBP-issued presumptive drug test device.  The test results confirmed the substance was

7   marijuana, a Schedule I Controlled Substance.  An inventory of the contents of all 12 boxes yielded

8   91 bundles of marijuana, weighing approximately 421.24 kilograms (926.73 pounds).  Agent

9   Montes immediately notified Agent Lechuga when he discovered the bundles of marijuana in the

10  first sealed cardboard box.

11         G.   Based on his training, experience and observations relative to the occupants of

12  the defendant Mercedes sedan, Agent Lechuga believed they were involved with the white GMC

13  panel van and its contraband cargo.  Agent Lechuga resolved to contact the defendant Mercedes

14  sedan and its occupants.  Although only five or six minutes had passed since the defendant

15  Mercedes sedan passed through the checkpoint, it took Agent Lechuga approximately 25 minutes

16  to overtake the vehicle.  This fact indicated to Agent Lechuga that Vaca-Gallardo drove away from

17  the checkpoint and down the highway at high speed.  Agent Lechuga maneuvered his marked

18  USBP patrol vehicle behind the defendant Mercedes sedan, activated the emergency lights, and

19  signaled the driver to pull over and stop.

20         H.   In response to Agent Lechuga's request, Vaca-Gallardo produced an expired

21  California driver's license.  Meanwhile, USBP radio dispatch advised Agent Lechuga that a release

22  of liability for the GMC panel van on file with the California Department of Motor Vehicles

23  (hereinafter referred to as "DMV") was in a name similar to that of Vaca-Gallardo.  Moreover,

24  DMV records indicate Vaca-Gallardo, under the name of Eusebio Vaca, is the registered owner

25  of the defendant Mercedes sedan.  USBP radio dispatch also informed Agent Lechuga that Vaca-

26  Gallardo had been removed from the United States as an undocumented alien.  The defendant

27  Mercedes sedan and its four occupants were returned to the USBP checkpoint.  USBP agents at

28

the checkpoint caused special agents of the Drug Enforcement Administration (hereinafter referred to as "DEA") to be summoned to assume the investigation.

I.  Lopez-Macias was advised of her Fifth Amendment or <u>Miranda</u> rights by DEA Agent Niebla.  She waived them and agreed to be interviewed by the agents.  Lopez-Macias revealed she was hired by Vaca-Gallardo and Gonzalez-Mena to transport marijuana in the GMC panel van.  If successful, she was to be paid $1,000.00 in United States currency.  Lopez-Macias was directed by Vaca-Gallardo to follow the defendant Mercedes sedan as they departed Calexico. Thereafter on their journey, Lopez-Macias received driving instructions from Gonzalez-Menas via her cellular telephone.

J.  Vaca-Gallardo was advised of his Fifth Amendment or <u>Miranda</u> rights by DEA Agent Niebla.  He waived them and agreed to be interviewed by the agents.  Vaca-Gallardo revealed he was hired by a drug trafficker to assist in the storage and transportation of the marijuana seized from inside the GMC panel van.  Acting on direction of the drug trafficker, Vaca-Gallardo stored the bundles of marijuana inside a residence in Calexico, California.  Vaca-Gallardo purchased the GMC panel van driven by Lopez-Macias.  A copy of the registration for the GMC panel van was in his possession at the time of his arrest.  Vaca-Gallardo concealed the bundles of marijuana inside the cardboard boxes.  While traveling down the highway, Vaca-Gallardo overheard Gonzalez-Menas giving driving instructions to Lopez-Macias via her cellular telephone. If their mission was successful, Vaca-Gallardo was instructed by the drug trafficker to pay $1,500.00 in United States currency to Lopez-Macias and Gonzalez-Menas as compensation.

K.  On July 25, 2007, a federal grand jury handed down a single-count indictment charging Lopez-Macias, Vaca-Gallardo, Gonzalez-Mena, and the other two occupants of the defendant Mercedes sedan with a violation of Title 21, United States Code, Section 841(a)(1), possession of marijuana with intent to distribute; and Title 18, United States Code, Section 2, aiding and abetting.

D.  <u>Deadlines for Filing a Claim and Answer</u>

This civil forfeiture action is an in rem proceeding which is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.  Pursuant to

Rule G(5), a verified claim must be filed with the Clerk of the United States District Court, Southern District of California, with a copy to the Government attorney, within thirty-five (35) days after service of the Notice of Judicial Forfeiture Proceedings, or within such additional time as the court may allow. An answer must be filed and served within twenty (20) days thereafter, pursuant to Title 18, United States Code, Section 983(a)(4)(B).

Supplemental Rule G(5) provides in pertinent part: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

The plaintiff served notice of forfeiture on all known potential claimants on December 19, 2007. From the time of said notice, no claim or answer has been filed by any potential claimants regarding the above-named defendant. (See Declaration of Bruce C. Smith, attached hereto as Exhibit 2.)

E.    The Government Establishes Its Case by a Preponderance
       of the Evidence

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 the burden of proof in civil forfeiture cases is a preponderance of the evidence. Title 18, United States Code, Section 983(c) states in pertinent part:

In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property -

(1)    the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;

(2)    the Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that the property is subject to forfeiture; and

(3)    if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

The Government's evidence is undisputed by any claimant. Thus, the Government has shown by a preponderance of the evidence that the defendant vehicle was involved in a transaction

1    or attempted transaction, or was property traceable to property involved in violation of Title 21,

2    United States Code Section 841(a)(1).  Pursuant to the allegations in the verified complaint that

3    the defendant vehicle had been used, was being used, or was intended to be used to facilitate the

4    violation of Title 21, United States Code Section 841(a)(1), the Government has both proven its

5    case by a preponderance of the evidence and established the requisite nexus between the defendant

6    and the offense.

7                                                              II

8                                                    CONCLUSION

9          For the foregoing reasons, it is requested that the interest of Eusebio Armando Vaca-

10   Gallardo and any other potential claimants be ordered condemned and forfeited to the

11   United States according to the request herein.

12        DATED:  February 20, 2008.

13                                              KAREN P. HEWITT
                                               United States Attorney
14
                                               s//Bruce C. Smith
15

16                                             BRUCE C. SMITH
                                               Assistant U.S. Attorney
17                                             Attorneys for Plaintiff
                                               United States of America
18                                             E-mail: bruce.smith@usdoj.gov

19

20

21

22

23

24

25

26

27

28