UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>ONE 1997 MERCEDES BENZ S420 SEDAN, CA LICENSE NO. 3SVV963, VIN WDBGA43G5VA330132, ITS TOOLS AND APPURTENANCES,<br><br>              Defendant. | Civil No. 07-CV-2330-L(POR)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [doc. #9]** |

    Currently pending before the Court is plaintiff United States of America's motion for entry of default judgment in the above captioned case. The motion was set for hearing on March 31, 2008. Under the Local Rules, an opposition was due on March 10, 2008. CIV. L.R. 7.1(e.2). To date, neither an opposition nor a request for an extension of time in which to file an opposition has been filed.

    When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding the failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting plaintiff's motion for entry of default judgment.

**Procedural History**

Plaintiff moves for default judgment as to the interest of Eusebio Armando Vaca-Gallardo ("Vaca-Gallardo") and all potential claimants. Plaintiff filed a verified complaint against the defendant on December 13, 2007 alleging that it had been used, was being used, or was intended to be used to facilitate the violation of 21 U.S.C. § 841(a)(1). The vehicle was seized, arrested and taken into custody by the United States Marshal Service. On December 19, 2007, the verified Complaint was served on the registered owner of the vehicle, Eusebio Armando Vaca-Gallardo, through his attorney Shaun Khohayan. Neither a claim nor answer has been filed regarding the defendant. The Clerk of the Court entered default on February 13, 2008. [doc. #8].

**Factual History**

Vaca-Gallardo was driving the defendant when he was stopped at the United States Border Patrol Highway 78 checkpoint. At approximately the same time, a woman was driving a white GMC panel van. One of the Border Patrol agents noted that the occupants of the Mercedes looked intensely interested in the van, therefore, the agent pursued the Mercedes. Shortly thereafter, the Board Patrol informed the agent that Vaca-Gallardo had been removed as an undocumented alien from the United States. The Mercedes and Vaca-Gallardo were returned to the checkpoint. After being advised of and waiving his Miranda rights, Vaca-Gallardo disclosed his role in storing and transporting marijuana.

Vaca-Gallardo was charged in a single-count indictment with a violation of 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute; and 18 U.S.C. § 2, aiding and abetting.

**Default Judgment**

Federal Rule of Civil Procedure 55(b) governs applications to the court for default judgments. Under Rule 55(b), no default judgment can be entered against an infant or incompetent person unless the person is represented by a general guardian. Upon entry of default, a defendant may not contest facts alleged in the complaint that establish the defendant's liability. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Because a defaulting

defendant is entitled to contest the sufficiency of the allegations of the complaint, a court ruling on a motion for default judgment must consider whether the complaint alleges facts that support the entry of judgment. *Alan Neuman*, 862 F.2d at 1392.

Whether to grant a motion for the entry of a default judgment is within the discretion of the trial court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**Discussion**

Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that a claimant must file a claim/statement of interest within 20 days of actual notice of execution of process. The Civil Asset Forfeiture Reform Action ("CAFRA"), 18 U.S.C. § 983, *et seq.*, provides that a person asserting an interest in seized property must file a claim "not later than 30 days after the date of service of the Government's complaint . . . ." 18 U.S.C. § 983(a)(4)(A). The claimant must thereafter file an answer to the complaint for forfeiture "not later than 20 days after the date of the filing of the claim." 18 U.S.C. § 983(a)(4)(B).

The verified complaint in this case was filed on December 13, 2007. The putative claimant, Vaca-Gallardo, has not file a claim, and has not file an answer. The claimant's failure to comply with the requirements of Rule C(6) precludes him from establishing standing as a party to the forfeiture action**.** *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998).

Even if the putative claimant had standing, the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture and that there was a substantial connection between the property to be forfeited and the criminal activity. 18 U.S.C. § 983.

Here, the government seeks forfeiture of the vehicle as the defendant was property involved in a transaction or attempted transaction, or was property traceable to property involved in violation of 21 U.S.C. § 881(a)(4). The verified Complaint alleges that the defendant vehicle

had been used, was being used, or was intended to be used to transport/facilitate a controlled substance in violation of 21 U.S.C. § 841(a)(1).  No other facts have been provided to dispute the government's allegations.

The Court finds that the government has satisfied the requirements of Rule C(6) by filing the verified complaint of forfeiture, that the registered owner of the defendant vehicle has been personally served, and that the government properly conducted service by publication of notice. Because there has been no timely claim to the property, the Court will grant the United States' motion for default judgment.

**Conclusion**

Based on the foregoing, **IT IS ORDERED** granting plaintiff's motion for entry of default judgment.  **IT IS FURTHER ORDERED** that the interests of Eusebio Armando Vaca-Gallard and all potential claimants in the defendant vehicle, 1997 Mercedes Benz S420 Sedan, CA License No. 3SVV963, VIN WDBGA43G5VA330132, its tools and appurtenances, is forfeited and all right, title and interest in the defendant vehicle is hereby vested in the United States of America and all other claims thereto are barred.  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter default judgment in accordance with this Order and to close the file.

**IT IS SO ORDERED.**

DATED: March 27, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL